Manning v. Fletcher

———————

ARTHUR BENNETT MANNING AND WIFE, LUGENE MANNING v. CLARENCE ERNEST FLETCHER, JR. AND NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 877SC1136

(Filed 20 September 1988)

**Insurance § 69; Master and Servant § 89.4— underinsured motorist coverage—no reduction for workers' compensation payments—subrogation by compensation carrier**

Where an employer provided an employee automobile liability and underinsured motorist insurance coverage, and the employee was injured in an automobile accident during the course and scope of his employment, the automobile insurer was not entitled to reduce its underinsured motorist obligation to the employee by the amount of workers' compensation paid to the employee. However, pursuant to N.C.G.S. § 97-10.2(j), the compensation insurer can be subrogated for the amount of workers' compensation paid by it to the employee. N.C.G.S. § 20-279.21(e).

APPEAL by defendant North Carolina Farm Bureau Mutual Insurance Company from *Brown (Frank R.), Judge.* Judgment ,entered 26 August 1987 in Superior Court, NASH County. Heard in the Court of Appeals 13 April 1988.

Plaintiff Arthur Manning was injured in an automobile accident on 13 March 1985 sustaining damages in excess of $100,000. Plaintiff and his wife, Lugene Manning, brought suit against defendant Fletcher for negligence and loss of consortium in excess of $750,000. Fletcher had liability insurance in the amount of $25,000 through State Farm Insurance Company. Pursuant to agreement in the pretrial order, State Farm paid plaintiff $25,000, discharging Fletcher from further liability. Pursuant to the same pretrial order, this $25,000 was to be distributed to defendant North Carolina Farm Bureau Mutual Insurance Company (hereinafter Farm Bureau) in partial satisfaction of workers' compensation benefits.

Plaintiff's injury occurred in the course and scope of his employment. Through his employer, Devon Edwards, plaintiff had underinsured motorist coverage from defendant Farm Bureau in the face amount of $100,000. Edwards also maintained separate workers' compensation coverage on his employees through Farm Bureau. Plaintiff received $59,000 in workers' compensation benefits from Farm Bureau.

On 22 July 1987, an Order on Final Pretrial Conference was signed by counsel for plainitffs, and defendants Fletcher and Farm Bureau. Said pretrial order adds Farm Bureau as a party defendant, stipulates to defendant Fletcher's liability and release, and converts the action to one for declaratory judgment to determine the extent of Farm Bureau's liability under its underinsured motorist coverage. Judge Frank R. Brown signed the pretrial order on 22 July 1987. Judgment was entered for plaintiff on 26 August 1987, adjudging Farm Bureau's underinsured motorist coverage obligation to plaintiff in the amount of $75,000 subject to a subrogation claim for $34,000 in workers' compensation benefits paid to plaintiff. From this judgment Farm Bureau appeals.

*Ralph G. Willey, P.A., by Ralph G. Willey, III, attorney for plaintiff-appellees.*

*Poyner & Spruill, by Ernie K. Murray, attorney for defendant-appellant.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred by not reducing Farm Bureau's underinsured motorist coverage obligation by the total amount of workers' compensation paid to plaintiff.

N.C.G.S. § 20-279.21(b)(4) requires insurers to provide underinsured motorist coverage to the extent that "the limit of payment is only the difference between the limits of the liability insurance that is applicable and the limits of the underinsured motorist coverage as specified in the owner's policy." This effectively limits the payment to the difference between defendant Fletcher's liability coverage ($25,000) and the limits of defendant Farm Bureau's underinsured motorist coverage as specified in the policy ($100,000). *See Davidson v. U. S. Fidelity and Guar. Co.*, 78 N.C. App. 140, 336 S.E. 2d 709 (1985), *aff'd per curiam*, 316 N.C. 551, 342 S.E. 2d 523 (1986). Neither defendant Farm Bureau nor plaintiff Manning dispute that the maximum amount of Farm Bureau's liability is $75,000 under N.C.G.S. § 20-279.21(b)(4).

Farm Bureau argues that the $75,000 amount may be further reduced by the amount of workers' compensation paid to plaintiff ($59,000) under its limit of liability provision in its underinsured motorist liability policy with plaintiff's employer.

The policy language in question states:

OUR LIMIT OF LIABILITY

. . .

2. Any amount payable under this insurance shall be reduced by:

       a. All sums paid or payable under any workers' compensation, disability benefits or similar law exclusive of non-occupational disability benefits and

. . . .

Pursuant to the above policy language and other evidence, the trial court made the following findings of fact and conclusions of law:

. . .

5. That North Carolina Farm Bureau Mutual Insurance Company, underinsured motorist carrier, is obligated to pay the plaintiffs the difference between the stated limit of the underinsured motorist coverage in its policy of $100,000.00 and the limit of the liability insurance paid by State Farm Mutual Insurance Company on behalf of the defendant, Fletcher, in the amount of $25,000.00; that North Carolina Farm Bureau Mutual Insurance Company, as underinsured motorist carrier, is obligated to pay the plaintiffs the sum of $75,000.00 pursuant to its policy and the North Carolina Vehicle Safety and Financial Responsibility Act, N.C. Gen. Stat. 20-279.21(b)(4).

6. That North Carolina Farm Bureau Mutual Insurance Company is not entitled to reduce its underinsured motorist coverage to the plaintiffs in the amount of $75,000.00 because of benefits paid to the plaintiff, Arthur Bennett Manning, pursuant to the North Carolina Workers' Compensation Act; that such reduction is not permitted by either N.C. Gen. Stat. 20-279.21(b)(4) or N.C. Gen. Stat. 20-279.21(e) of the North Carolina Motor Vehicles Safety and Financial Responsibility Act.

7. That North Carolina Farm Bureau Mutual Insurance Company, as workers compensation carrier, is entitled to subrogation against the proceeds of the underinsured motorist coverage afforded by North Carolina Farm Bureau Mutual Insurance Company, as the underinsured motorist carrier, up to $34,000.00, pursuant to N.C. Gen. Stat. 97-10.2 et seq.

. . .

WHEREFORE, it is hereby ordered, adjudged and decreed, that:

. . .

2. The payment of $25,000.00 by State Farm Mutual Insurance Company to plaintiffs for subsequent distribution to North Carolina Farm Bureau Mutual Insurance Company, workers' compensation carrier, and plaintiffs' counsel is accomplished by agreement of the parties and is not considered under this declaratory judgment action.

3. North Carolina Farm Bureau Mutual Insurance Company, as underinsured carrier, is obligated to pay the plaintiffs the sum of $75,000.00, and shall pay said sum to the plaintiffs with interest at the legal rate from the date of this judgment together with the costs of this action.

4. The plaintiffs shall have $41,000.00 of the $75,000.00 paid by North Carolina Farm Bureau Mutual Insurance Company, underinsured motorist insurer, free and clear of any claim or lien by any other party to this action; that the plaintiffs are to retain the balance of $34,000.00, until such time as the Court, in its discretion, shall distribute the $34,000.00 between the plaintiff, Arthur Bennett Manning, and North Carolina Farm Bureau Mutual Insurance Company, workers' compensation carrier.

. . .

Defendant argues that the limit of liability policy language complies with N.C.G.S. § 20-279.21(e); thus defendant's liability for $75,000 should be further reduced by the $59,000 workers' compensation plaintiff received. We disagree.

Under N.C.G.S. § 20-279.21(e) "[s]uch motor vehicle liability policy need not insure against loss from any liability for which benefits are in whole or in part either payable or required to be provided under any workmen's compensation law . . . ."

We find little assistance from the courts of this state in interpreting subsection (e). In *South Carolina Ins. Co. v. Smith*, 67 N.C. App. 632, 313 S.E. 2d 856, *disc. rev. denied*, 311 N.C. 306, 317 S.E. 2d 682 (1984), this Court invalidated an employee exclusion clause in an insurance policy which *completely* denied coverage for injury (to any employee) during the scope of employment, and held that under N.C.G.S. § 20-279.21(e), an insurer may not completely exclude an employee from policy coverage unless workers' compensation is available. "[T]he validity of the exclusion is contingent on the existence of workers' compensation." *Id.* at 634, 313 S.E. 2d at 859.

It is important to note that *Smith* was a general auto liability insurance case which stated that if there was a showing of workers' compensation coverage for the employee, the employer *could* exclude any coverage under his liability policy.

In the case *sub judice*, the employer, however, has chosen to provide to the employee liability insurance coverage *and* provided pursuant to N.C.G.S. § 20-279.21(b)(4) underinsured motorist coverage. The underinsured motorist coverage limits are controlled by N.C.G.S. § 20-279.21(b)(4) and the parties admit that $75,000 is the applicable amount.

There is no statutory provision allowing, nor does *Smith* permit, an additional reduction in the amount of underinsured coverage by deducting workers' compensation benefits paid to the employee.

The employer can choose not to furnish liability insurance for an employee provided there is workers' compensation coverage. N.C.G.S. § 20-279.21(e) (1983). However, once the choice is made to provide coverage, and underinsured coverage limits are not stated in the policy, the limit on underinsured coverage to be paid is determined by the statute.

As discussed in *Smith*, the Financial Responsibility Act's (Chapter 20, Article 9A of the North Carolina General Statutes) primary purpose is "to compensate innocent victims who have been injured by financially irresponsible motorists. . . . Furthermore, the Act is to be liberally construed so that the beneficial purpose intended by its enactment may be accomplished." *South Carolina Ins. Co. v. Smith*, 67 N.C. App. at 636, 313 S.E. 2d at 860 (citation omitted). *See also American Tours, Inc. v. Liberty Mutual Ins. Co.*, 315 N.C. 341, 338 S.E. 2d 92 (1986). The interpretation advocated by Farm Bureau clearly does not comport with this purpose. If such was the law, then Farm Bureau could totally avoid any underinsured coverage if the amount of workers' compensation benefits paid were greater than the stated limits in the policy. Such is not the law, however.

Pursuant to N.C.G.S. § 97-10.2(j), the employer's insurance company can be subrogated for the amount of workers' compensation paid by it to the employee. In the case *sub judice* Farm Bureau has received $25,000 via a previous settlement and can collect the balance as provided by statute.

The trial court's decision is affirmed.

Affirmed.

Judges ARNOLD and GREENE concur.