ARTHUR BENNETT MANNING AND WIFE, LUGENE MANNING v. CLARENCE
ERNEST FLETCHER, JR. AND NORTH CAROLINA FARM BUREAU
MUTUAL INSURANCE COMPANY

No. 492PA88

(Filed 8 June 1989)

**Insurance § 69— business auto insurance—underinsured motorist coverage—reduction for workers' compensation payments**

N.C.G.S. § 20-279.21(e) permits an insurance carrier to reduce the underinsured motorist coverage liability in a business auto insurance policy by amounts paid to the insured as workers' compensation benefits.

ON discretionary review of a decision of the Court of Appeals, reported at 91 N.C. App. 393, 371 S.E. 2d 770 (1988), affirming the judgment entered by *Brown (Frank R.), J.,* at the 26 August 1987 Session of Superior Court, NASH County. Heard in the Supreme Court 10 April 1989.

*Ralph G. Willey, P.A., by Ralph G. Willey, III, for plaintiff-appellees.*

*Poyner & Spruill, by Ernie K. Murray, for defendant-appellant North Carolina Farm Bureau Mutual Insurance Company.*

MEYER, Justice.

In this case, we decide whether an insurance company's underinsured motorist coverage obligation can be reduced by payments made to the injured insured pursuant to the Workers' Compensation Act. We conclude that it can be so reduced.

On 13 March 1985 plaintiff Arthur Manning was injured in an automobile accident during the course and scope of his employment. Plaintiff and his wife, Lugene Manning, brought suit against defendant Clarence Fletcher. At the time of the accident, Fletcher had liability insurance with State Farm Insurance Company in the amount of $25,000, and plaintiff's employer had a business auto policy with defendant North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau") which insured against liability in the amount of $100,000 per person. In addition to providing liability coverage to plaintiff as an employee, the business auto policy also provided uninsured and underinsured

motorist coverages. The underinsured motorist coverage was in the face amount of $100,000. Plaintiff's employer maintained separate workers' compensation insurance on his employees, including plaintiff, also with North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau Workers' Compensation"). Plaintiff received $59,000 in workers' compensation benefits from Farm Bureau Workers' Compensation.

On 22 July 1987 an Order on Final Pretrial Conference added Farm Bureau as a party defendant, stipulated to Fletcher's liability and release and to plaintiff's damages as "not less than $100,000.00," and converted the action to one for declaratory judgment to determine the extent of Farm Bureau's liability under the underinsured motorist coverage. The trial court refused to allow Farm Bureau to reduce its underinsured motorist obligation by the $59,000 that Farm Bureau Workers' Compensation paid to plaintiff in workers' compensation benefits, and on 26 August 1987 judgment was entered for plaintiff in the amount of $75,000, representing Farm Bureau's $100,000 underinsured motorist coverage as specified in the business auto policy reduced only by Fletcher's liability coverage of $25,000. The trial court also ordered that plaintiff was to have $41,000 of the $75,000 paid by Farm Bureau free and clear of any lien and that he was to retain the $34,000 balance until a future hearing, at which time the court would distribute that amount between plaintiff and Farm Bureau Workers' Compensation. Farm Bureau appealed.

The Court of Appeals determined that no statutory provision or court decision allows "an additional reduction in the amount of underinsured coverage by deducting workers' compensation benefits paid to the employee." *Manning v. Fletcher*, 91 N.C. App. at 398, 371 S.E. 2d at 773. The Court of Appeals affirmed the trial court. On 8 December 1988 this Court allowed Farm Bureau's petition for discretionary review. We now reverse.

Initially, we note that, for the purposes of this case, Farm Bureau Workers' Compensation and Farm Bureau should be treated as separate entities. Farm Bureau Workers' Compensation was aligned in interest with plaintiff against Farm Bureau because it was seeking to recover for workers' compensation payments by subrogation. *See Montedoro v. City of Asbury Park*, 174 N.J. Super. 305, 416 A. 2d 433 (1980). Since the two entities had

separate and adverse interests, they were represented by separate counsel. By stipulation, Farm Bureau was added as a party defendant in the pretrial order. Furthermore, the interests of Farm Bureau Workers' Compensation are not at issue in this appeal.

The version of N.C.G.S. § 20-279.21(b)(4) in effect at the time of plaintiff's accident required insurers to provide underinsured motorist coverage to the extent that "the limit of payment is only the difference between the limits of the liability insurance that is applicable and the limits of the underinsured motorist coverage as specified in the owner's policy." N.C.G.S. § 20-279.21(b)(4) (1983). The payment to plaintiff was therefore limited to the difference between Fletcher's liability coverage of $25,000 and the $100,000 limit of Farm Bureau's underinsured motorist coverage as specified in the policy. Plaintiff and Farm Bureau agree that the maximum amount of Farm Bureau's liability under N.C.G.S. § 20-279.21(b)(4) is $75,000.

Farm Bureau argues that, under the limit of liability provision in its underinsured motorist coverage policy with plaintiff's employer, the $75,000 may be further reduced by the $59,000 paid to plaintiff as workers' compensation benefits, for a total payment to plaintiff of $16,000. The pertinent policy language reads as follows:

OUR LIMIT OF LIABILITY

. . . .

2. Any amount payable under this insurance shall be reduced by:

   a. All sums paid or payable under any workers' compensation, disability benefits or similar law exclusive of non-occupational disability benefits . . . .

Farm Bureau contends that this policy language is specifically authorized by N.C.G.S. § 20-279.21(e), which provides:

   (e) Such motor vehicle liability policy need not insure against loss from any liability *for which benefits are in whole or in part either payable or required to be provided under any workmen's compensation law* nor any liability for dam-

age to property owned by, rented to, in charge of or transported by the insured.

N.C.G.S. § 20-279.21(e) (1983) (emphasis added).

N.C.G.S. § 20-279.21 sets forth mandatory coverages in motor vehicle liability policies. N.C.G.S. § 20-279.21 (1983 and Cum. Supp. 1988). The statute mandates that a policy of liability insurance shall insure against (1) loss to the insured due to the liability of the insured to another person, N.C.G.S. § 20-279.21(b)(2); (2) loss to the insured due to the liability of an uninsured motorist to the insured, N.C.G.S. § 20-279.21(b)(3); and (3) loss to the insured due to the liability of an underinsured motorist to the insured, N.C.G.S. § 20-279.21(b)(4), where the policy limit exceeds the limits prescribed by N.C.G.S. § 20-279.21(b)(2) and (3). Unless the uninsured and underinsured coverages are specifically rejected, a liability insurance policy must contain all three types of coverage. N.C.G.S. § 20-279.21(b)(3), (4) (1983 and Cum. Supp. 1988).

N.C.G.S. § 20-279.21(e) provides that a motor vehicle liability policy need not afford coverage to an employee receiving benefits under the workers' compensation law. N.C.G.S. § 20-279.21(e) (1983). Plaintiff contends that section (e) authorizes the exclusion of an employee from the employer's liability coverage to the extent that the employee is covered under the workers' compensation law, but that it does not permit exclusion from the underinsured motorist coverage. We disagree.

The current version of N.C.G.S. § 20-279.21 is the result of numerous revisions to North Carolina's Financial Responsibility Act. As originally written, section (e) applied only to liability coverage because the original Act did not mandate uninsured and underinsured coverage in motor vehicle liability policies. *See* 1953 N.C. Sess. Laws ch. 1300, § 21(e). However, the present version of section (e) was enacted after the addition of the uninsured coverage requirement to the Financial Responsibility Act. *See* 1967 N.C. Sess. Laws ch. 854, § 1. The revision of section (e) indicates a legislative intent to broaden the scope of exclusion to include not only the situation in which the injured party might otherwise receive both workers' compensation payments and liability payments on behalf of the insured, but also the situation in which the injured party, as an insured under the uninsured coverage of

a liability policy, might otherwise receive workers' compensation benefits as well as uninsured coverage payments for the same injury.

The underinsured coverage requirement was added to the Financial Responsibility Act in 1979, *see* 1979 N.C. Sess. Laws ch. 675, and has since been amended several times, *see* 1983 N.C. Sess. Laws ch. 777; 1985 N.C. Sess. Laws ch. 666, § 74; 1985 N.C. Sess. Laws (Reg. Sess. 1986) ch. 1027. Section (e) has not been amended. Uninsured and underinsured coverages are similar in concept. N.C.G.S. § 20-279.21(b)(4) specifically provides that "[a]n 'uninsured motor vehicle,' as described in [N.C.G.S. § 20-279.21(b)(3)], includes an 'underinsured highway vehicle.'" N.C.G.S. § 20-279.21(b)(4) (1983 and Cum. Supp. 1988). Logic dictates that the exclusion provided by N.C.G.S. § 20-279.21(e) must also apply to underinsured motorist coverage.

Moreover, had the legislature intended to limit the exclusion permitted by N.C.G.S. § 20-279.21(e) solely to the liability coverage afforded by a liability policy, as plaintiff argues, it could have either so stated specifically in section (e) or it could have inserted specific exclusionary language in N.C.G.S. § 20-279.21(b)(2), the section dealing solely with liability coverage. The legislature did neither. Instead, the provision allowing a reduction in payment commensurate with workers' compensation payments is contained in a separate section, N.C.G.S. § 20-279.21(e), which follows N.C.G.S. § 20-279.21(b) in its entirety and is separated from it by two intervening sections. By reason of its location in the statute and its reference to a "motor vehicle liability policy," we deduce a legislative intent that the exclusion permitted by section (e) be applicable to all subsections of N.C.G.S. § 20-279.21(b), including the uninsured and underinsured coverages defined therein.

Two public policies are inherent in N.C.G.S. § 20-279.21(e). First, the section relieves the employer of the burden of paying double premiums (one to its workers' compensation carrier and one to its automobile liability policy carrier), and second, the section denies the windfall of a double recovery to the employee. *See South Carolina Ins. Co. v. Smith*, 67 N.C. App. 632, 313 S.E. 2d 856, *disc. rev. denied*, 311 N.C. 306, 317 S.E. 2d 682 (1984).

In the case sub judice, plaintiff's employer purchased the liability insurance policy. Because the statute permits the employ-

er to reject underinsured motorist coverage, the employer had no obligation to provide that coverage for his employees. Farm Bureau maintains that the employer was able to purchase such coverage at modest cost because the underinsured motorist coverage was specifically limited to its face amount of $100,000 reduced by the aggregate of liability coverage payments received by the employee from the tort-feasor and workers' compensation benefits received from the employer. Whatever the cost of the additional voluntary coverage purchased here, we can perceive no conflict between the limit of liability provision in Farm Bureau's liability policy with plaintiff's employer and N.C.G.S. § 20-279.21(e).

We hold that N.C.G.S. § 20-279.21(e) permits an insurance carrier to reduce the underinsured motorist coverage liability in a business auto insurance policy by amounts paid to the insured as workers' compensation benefits. The decision of the Court of Appeals is therefore reversed, and the case is remanded to that court for further remand to the Superior Court, Nash County, for further proceedings consistent with this opinion.

Reversed and remanded.