ARTHUR BENNETT MANNING AND WIFE, LUGENE MANNING v. CLARENCE ERNEST FLETCHER, JR. AND NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 907SC150

(Filed 2 April 1991)

**Insurance § 69 (NCI3d) — underinsured motorist coverage — reduction for net workers' compensation payments**

In reducing underinsured motorist coverage liability in a business automobile insurance policy by amounts paid to the insured as workers' compensation benefits, the amounts paid as workers' compensation benefits are to be calculated after the workers' compensation insurance carrier has been reimbursed by insurance proceeds from the tortfeasor's liability insurance carrier.

**Am Jur 2d, Automobile Insurance §§ 316, 320.**

**Uninsured motorist coverage: validity and effect of policy provision purporting to reduce coverage by amount paid under workmen's compensation law. 24 ALR3d 1969.**

MANNING v. FLETCHER

[102 N.C. App. 392 (1991)]

APPEAL by plaintiffs from Judgment entered 15 December 1989 by *Judge Richard B. Allsbrook* in NASH County Superior Court. Heard in the Court of Appeals 16 November 1990.

*Ralph G. Willey, III, P.A., for plaintiff appellants.*

*Poyner & Spruill, by Ernie K. Murray, for North Carolina Farm Bureau Mutual Insurance Company, defendant appellee.*

COZORT, Judge.

The question presented by the case below is whether, upon remand from our Supreme Court, the trial court properly calculated the amount due plaintiff Arthur Manning under defendant's insurance policy providing underinsured motorist coverage. Finding the court erred in calculating the amount due, we reverse the trial court.

Plaintiff Arthur Manning was injured in an automobile accident on 13 March 1985. He suffered severe physical injuries, including complete loss of bladder and sexual function. In March 1986 Arthur and his wife Lugene Manning (the Mannings) initiated an action against defendant Clarence Fletcher, alleging that Fletcher negligently drove his automobile into Arthur Manning's path while Manning was driving his employer's truck. The Mannings' complaint included a claim for loss of consortium. Manning's employer was insured by North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau). Under a business auto policy, Farm Bureau provided underinsured motorist coverage up to $100,000. Under a separate policy, Farm Bureau provided workers' compensation insurance. In July 1987 the Mannings' lawsuit was converted to a declaratory judgment action, with Farm Bureau being added as a party-defendant. The separate interests of Farm Bureau as workers' compensation carrier and as underinsured motorist carrier were represented by separate counsel. In the final pretrial order, the parties entered into stipulations, which can be summarized, in pertinent part, as follows:

> As a result of the collision, Arthur Manning's damages are not less than $100,000;

> At the time of the accident, Fletcher had in effect a policy of liability insurance issued by State Farm Insurance Company [State Farm] which provided coverage of $25,000 per person, $50,000 per occurrence;

Farm Bureau's policy to Manning's employer provided underinsurance motorist coverage to Manning in the stated amount of $100,000, in accordance with N.C. Gen. Stat. § 20-279.21.

Farm Bureau's workers' compensation policy provided disability and medical benefits of $59,000 to Manning, with the North Carolina Industrial Commission having awarded that amount to Manning.

The case was heard without a jury. On 26 August 1987, the trial court entered judgment making findings of fact and the following pertinent conclusions of law:

4. The $25,000.00 paid by State Farm Mutual Insurance Company to the plaintiffs and the subsequent distribution to North Carolina Farm Bureau Mutual Insurance Company, workers' compensation carrier, subject to attorneys fees for legal services rendered to North Carolina Farm Bureau Mutual Insurance Company by plaintiffs' counsel in the amount of $8,333.33 is agreed upon by the parties without the necessity of order by this Court and is not to be considered further in this declaratory judgment.

5. That North Carolina Farm Bureau Mutual Insurance Company, underinsured motorist carrier, is obligated to pay the plaintiffs the difference between the stated limit of the underinsured motorist coverage in its policy of $100,000.00 and the limit of the liability insurance paid by State Farm Mutual Insurance Company on behalf of the defendant, Fletcher, in the amount of $25,000.00; that North Carolina Farm Bureau Mutual Insurance Company, as underinsured motorist carrier, is obligated to pay the plaintiffs the sum of $75,000.00 pursuant to its policy and the North Carolina Vehicle Safety and Financial Responsibility Act, N.C. Gen. Stat. 20-279.21 (b)(4).

6. That North Carolina Farm Bureau Mutual Insurance Company is not entitled to reduce its underinsured motorist coverage to the plaintiffs in the amount of $75,000.00 because of benefits paid to the plaintiff, Arthur Bennett Manning, pursuant to the North Carolina Workers' Compensation Act; that such reduction is not permitted by either N.C. Gen. Stat. 20-279.21 (b) (4) or N.C. Gen. Stat. 20-279.21 (e) of the North Carolina Motor Vehicle Safety and Financial Responsibility Act.

MANNING v. FLETCHER

[102 N.C. App. 392 (1991)]

7. That North Carolina Farm Bureau Mutual Insurance Company, as workers compensation carrier, is entitled to subrogation against the proceeds of the underinsured motorist coverage afforded by North Carolina Farm Bureau Mutual Insurance Company, as the underinsured motorist carrier, up to $34,000.00, pursuant to N.C. Gen. Stat. 97-10.2 et seq.

8. That the Nash County Superior Court has authority, in its discretion, to distribute the proceeds of the underinsured motorist coverage to be paid by North Carolina Farm Bureau Mutual Insurance Company in the amount of $75,000.00 between the plaintiffs, the employer and the North Carolina Farm Bureau Mutual Insurance Company, workers' compensation carrier, pursuant to N.C. Gen. Stat. 97-10.2 (j).

9. That the underinsured motorist insurance coverage in the amount of $75,000.00 should be paid by North Carolina Farm Bureau Mutual Insurance Company, underinsured motorist insurer to the plaintiffs; that the plaintiffs are entitled to $41,000.00 of said proceeds free of any claim or lien of any party to this action; that the plaintiffs are to retain the balance of the proceeds in the amounts of $34,000.00, until such time as the Court, in its discretion, distributes this amount between the plaintiffs and North Carolina Farm Bureau Mutual Insurance Company, workers' compensation carrier.

10. That the Nash County Superior Court cannot exercise its discretion in distributing the balance of $34,000.00 between the plaintiffs and North Carolina Farm Bureau Mutual Insurance Company, workers' compensation carrier, without further hearing as to the present physical and economic condition of the plaintiff, Arthur Bennett Manning; that a subsequent hearing should be calendared, with notice to plaintiffs and North Carolina Farm Bureau Mutual Insurance Company, workers' compensation carrier, to determine the distribution of the balance of $34,000.00 between the parties.

The defendants appealed the judgment of 26 August 1987 to this Court, which affirmed the trial court on the issue of not permitting Farm Bureau to reduce its underinsured motorist coverage because of workers' compensation benefits paid to plaintiff Arthur Manning. *Manning v. Fletcher*, 91 N.C. App. 393, 398, 371 S.E.2d 770, 773 (1988). Our Supreme Court granted discretionary review and reversed this Court, holding that the statute permits reduction

of the underinsured motorist coverage by the amounts paid as workers' compensation benefits. The Supreme Court remanded the case to the trial division for further proceedings. *Manning v. Fletcher*, 324 N.C. 513, 518, 379 S.E.2d 854, 857 (1989).

Noting that our Supreme Court had not decided whether the " 'amounts paid' by the workers' compensation carrier are determined *before* the workers' compensation carrier receives reimbursement from the tortfeasor's liability carrier *or after* the workers' compensation carrier receives such reimbursement," the plaintiffs petitioned the Supreme Court to rehear the case "for the purpose of calculating the [amount] of underinsured motorist coverage owed to [plaintiff Arthur Manning] under the Farm Bureau policy." The Court denied that petition "without prejudice to any rights plaintiffs may have to argue before the trial division the proper calculation of the amounts due them."

On remand, the trial court, on 15 December 1989, entered a judgment finding:

4. North Carolina Farm Bureau Mutual Insurance Company/Worker's Compensation Carrier paid $59,000.00 in worker's compensation benefits to Arthur Bennett Manning, and . . . was subsequently reimbursed in the amount of $25,000.00 from proceeds received by Manning from State Farm Mutual Insurance Company, liability carrier, so that the amount of worker's compensation paid by North Carolina Farm Bureau Mutual Insurance Company/Worker's Compensation Carrier not reimbursed by the proceeds of liability insurance is $34,000.00.

5. The limit of liability of the Farm Bureau policy requires that its $100,000.00 of underinsured motorist coverage be reduced by the aggregate of the $25,000.00 of Fletcher's liability coverage paid to Manning and the $59,000.00 of worker's compensation benefits paid to Manning.

and concluding:

2. Pursuant to the limit of liability language contained in the Farm Bureau policy and G.S. 20-279.21(b)(4), Farm Bureau's $100,000.00 underinsured motorist coverage liability must be reduced by the $25,000.00 of liability coverage paid to Plaintiffs. *Manning v. Fletcher*, 324 N.C. 513, 515 (1989).

MANNING v. FLETCHER

[102 N.C. App. 392 (1991)]

3. Pursuant to the limit of liability clause of the policy, Farm Bureau's $100,000.00 limit of underinsured motorist coverage liability must also be reduced by the $59,000.00 of worker's compensation paid to the Plaintiffs.

The trial court then ordered that the maximum amount required to be paid by Farm Bureau as underinsured motorist carrier is $16,000.00, and further ordered:

[P]ursuant to G.S. 97-10.2(j), and upon the worker's compensation carrier's waiver of hearing as to the apportionment of the $16,000.00 heretofore adjudged owing, and in light of the amount already received by the Worker's Compensation carrier, the Court determines that no portion of the $16,000.00 shall be paid to North Carolina Farm Bureau Mutual Insurance Company/Worker's Compensation Carrier in connection with its claimed subrogation lien pursuant to the Worker's Compensation Act, but that the entire $16,000.00 shall be apportioned to the Plaintiff Arthur Bennett Manning.

On appeal, plaintiffs contend the trial court erred by reducing the amount of underinsured motorist coverage owed to plaintiff Arthur Manning by $59,000.00 rather than $34,000.00. The first figure represents the total amount paid to or on behalf of Manning as workers' compensation benefits. The second figure represents the "net" outlay of workers' compensation benefits after reduction by the $25,000.00 received from the tort-feasor's liability insurer. We agree that the amount of underinsured motorist coverage owed to plaintiff Manning should be reduced by only the "net" workers' compensation benefits paid, $34,000.00.

The proper calculation of the amount owed to Arthur Manning is determined by the interaction of N.C. Gen. Stat. § 97-10.2 (1985), N.C. Gen. Stat. § 20-279.21 (1985), Farm Bureau's insurance contract with Arthur Manning's employer, and applicable case law.

The pertinent language in Farm Bureau's auto insurance contract reads as follows:

1. Regardless of the number of covered autos, insureds, claims made or vehicles involved in the accident, the most we will pay for all damages resulting from any one accident is the limit of UNINSURED MOTORISTS INSURANCE shown in the declarations.

    2. Any amount payable under this insurance shall be reduced by:

        a. All sums paid or payable under any workers' compensa-
           tion, disability benefits or similar law exclusive of non-
           occupational disability benefits and

        b. All sums paid by or for anyone who is legally responsible,
           including all sums paid under the policy's LIABILITY
           INSURANCE.

In *Manning v. Fletcher*, 324 N.C. 513, 379 S.E.2d 854 (1989), our Supreme Court construed the operation of § 20-279.21(b)(4) and (e) upon the facts presented by the plaintiffs' declaratory judgment action. The Court noted that, pursuant to subsection (b)(4),

    [t]he payment to plaintiff was therefore limited to the dif-
    ference between Fletcher's liability coverage of $25,000 and
    the $100,000 limit of Farm Bureau's underinsured motorist
    coverage as specified in the policy. Plaintiff and Farm Bureau
    agree that the maximum amount of Farm Bureau's liability
    under N.C.G.S. § 20-279.21(b)(4) is $75,000.

    Farm Bureau argues that, under the limit of liability provi-
    sion in its underinsured motorist coverage policy with plain-
    tiff's employer, the $75,000 may be further reduced by the
    $59,000 paid to plaintiff as workers' compensation benefits,
    for a total payment to plaintiff of $16,000.

*Manning*, 324 N.C. at 515, 379 S.E.2d at 855. The Court then held that "N.C.G.S. § 20-279.21(e) permits an insurance carrier to reduce the underinsured motorist coverage liability in a business auto insurance policy by amounts paid to the insured as workers' compensation benefits." *Id.* at 518, 379 S.E.2d at 857. The language of the Court's holding left unresolved the issue of whether amounts paid as workers' compensation benefits were to be calculated before or after the workers' compensation insurance carrier has been reimbursed by insurance proceeds from the tort-feasor's liability insurance carrier.

    As appellate reports have frequently noted, the "purpose of this State's compulsory motor vehicle insurance laws, of which the underinsured motorist provisions are a part, was and is the protection of innocent victims who may be injured by financially irresponsible motorists." *Proctor v. N.C. Farm Bureau Mutual Ins. Co.*, 324 N.C. 221, 224, 376 S.E.2d 761, 763 (1989). In the case

below, the plaintiff, as the parties stipulated, suffered serious injuries, permanent disability, and economic loss which amounted to damages of "not less than $100,000.00." Based on the parties' stipulations the trial court found that the North Carolina Industrial Commission entered a final award for the plaintiff of $59,000.00 in workers' compensation benefits, which was paid by Farm Bureau as workers' compensation insurance carrier. The trial court also found that the

> $25,000.00 paid to the plaintiffs by State Farm Mutual Insurance Company [Clarence Fletcher's liability insurance carrier] is subject to the workers' compensation subrogation lien of North Carolina Farm Bureau Mutual Insurance Company, and *by agreement of the parties, is to be immediately disbursed to North Carolina Farm Bureau Mutual Insurance Company, workers' compensation carrier,* except for the payment of $8,333.33 to plaintiffs' counsel for legal services rendered on behalf of North Carolina Farm Bureau Mutual Insurance Company pursuant to N.C. Gen. Stat. 97-10.2 (f)(2) . . . . (Emphasis added.)

As workers' compensation insurance carrier, Farm Bureau's net payment to Arthur Manning is $34,000 ($59,000 paid in benefits reduced by the $25,000 paid to Farm Bureau by State Farm, Fletcher's carrier). As underinsured motorist insurance carrier, Farm Bureau's limit of liability to Manning is $75,000 (the contractual limit of $100,000 less the $25,000 paid by State Farm). If the $75,000 limit is reduced by the net payment of $34,000 in workers' compensation benefits, plaintiff Arthur Manning is owed $41,000 in underinsured motorist coverage. Thus, he will recover his stipulated damages of $100,000 in the form of $59,000 in workers' compensation benefits and $41,000 in underinsured motorist coverage. There will be no double recovery for the same injuries. Calculating the reduction of underinsured motorist coverage on the basis of net workers' compensation benefits paid is consistent with the provisions of § 20-279.21 of the Financial Responsibility Act, which " 'is remedial in nature and is to be liberally construed to effectuate its purpose of providing coverage for damages to injured parties caused by insured motorists with liability coverage not sufficient to provide complete compensation for the damages.' " *Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 296, 378 S.E.2d 21, 26 (1989) (quoting *Silvers v. Horace Mann Ins. Co.*, 90 N.C. App. 1, 5, 367 S.E.2d 372, 375 (1988) ).

MANNING v. FLETCHER

[102 N.C. App. 392 (1991)]

The defendants contend that the "$25,000 repaid to the workers' compensation carrier pursuant to the pretrial order was not required by law to be so paid . . . . [T]he fact that Plaintiffs voluntarily paid the $25,000 of *liability* funds back to their workers' compensation carrier" should not affect the reduction of plaintiff Manning's underinsured motorist coverage by the $59,000 of workers' compensation benefits paid prior to the $25,000 reimbursement.

Defendants' argument mischaracterizes the right of workers' compensation insurance carriers to reimbursement in the event of a judgment against or settlement with a third-party tort-feasor. In the event of such a judgment or settlement the employer is entitled, subject to court costs and attorney fees, to reimbursement "for all benefits by way of compensation or medical treatment expense paid or to be paid by the employer under award of the Industrial Commission." N.C. Gen. Stat. § 97-10.2(f)(1)(c) (1985). "The insurance carrier affording coverage to the employer under this Chapter *shall be subrogated* to all rights and liabilities of the employer . . . ." N.C. Gen. Stat. § 97-10.2(g) (1985) (emphasis added). The mandatory nature of the workers' compensation insurance carrier's lien on a recovery from the third-party tort-feasor is not altered by the discretionary authority of the trial judge, pursuant to § 97-10.2(j) to apportion the recovery between the employee and the insurance carrier, if that recovery is inadequate to satisfy the insurance carrier's lien.

Finally, the defendants' characterization of the reimbursement as voluntary overlooks their stipulation to the following agreement:

State Farm Insurance Company and Arthur Bennett Manning recognize the subrogation lien of North Carolina Farm Bureau Mutual Insurance Company, workers' compensation carrier, in the $25,000.00 to be paid to Arthur Bennett Manning by State Farm Insurance Company and agree that said payment of $25,000.00 shall be disbursed pursuant to order of the Nash County Superior Court acting pursuant to N.C.G.S. 97-10.2(j) in the following amounts: $16,666.67 to North Carolina Farm Bureau Mutual Insurance Company and $8,333.33 to Henson, Fuerst & Willey, P.A., attorneys.

The position taken by the defendants in their brief, if adopted by this Court, would promote litigation rather than settlement of subrogation claims.

For the reasons stated above we reverse the trial court and hold that the underinsured motorist coverage applicable to plaintiff Arthur Manning should be reduced by $34,000 rather than $59,000. The cause is remanded to the trial court for disbursement of $41,000, pursuant to N.C. Gen. Stat. § 97-10.2(j), consistent with *Allen v. Rupard*, 100 N.C. App. 490, 397 S.E.2d 330 (1990), *disc. review allowed*, 328 N.C. 270, 400 S.E.2d 449 (1991).

Reversed and remanded.

Judges WELLS and JOHNSON concur.