PAUL BRANTLEY AND WIFE, TAMMY LYNN BRANTLEY, PLAINTIFFS v.
JOHNNY RAY STARLING AND S.K. BOWLING, INC., DEFENDANTS

No. 927SC354

(Filed 17 August 1993)

Insurance § 530 (NCI4th) — underinsured motorist carrier — reduction
of coverage by amount of workers' compensation benefits

The trial court erred in finding that defendant insurance
company, the underinsured motorist coverage carrier, was not
entitled to reduce its coverage by the amount of workers'
compensation benefits which the same company paid to plaintiff.

Am Jur 2d, Automobile Insurance § 322.

Uninsured motorist coverage: validity and effect of policy
provision purporting to reduce coverage by amount paid under
workmen's compensation law. 24 ALR3d 1369.

Appeal by unnamed defendant North Carolina Farm Bureau
Mutual Insurance Company from order entered 1 October 1991
by Judge Robert H. Hobgood, Jr., in Wilson County Superior Court.
Heard in the Court of Appeals 10 March 1993.

*Michael R. Birzon for plaintiff appellees.*

*Broughton, Wilkins, Webb & Jernigan, P.A., by Charles P.
Wilkins, for defendant appellant.*

COZORT, Judge.

The question presented by the case below is whether the trial
court erred in finding that defendant insurance company, the underin-
sured motorist coverage carrier, was not entitled to reduce its
coverage by the amount of workers' compensation benefits which
the same company paid to plaintiff. Defendant insurance company,
as an unnamed defendant, appeals. We reverse.

On 5 October 1989, plaintiff Paul Brantley, an employee of
S.K. Bowling, Inc., (S.K. Bowling) was injured while riding as a
passenger in a truck titled individually in the name of Mr. Samuel
King Bowling. Plaintiffs initiated this action against defendants
on 20 March 1991, to recover damages for the injuries Mr. Brantley
sustained from the accident and for loss of consortium. Plaintiffs
amended their complaint on two different occasions to include a

claim for workers' compensation benefits and a prayer for a declaratory judgment with respect to the construction of certain provisions contained in defendant Bowling's business automobile policy.

Pursuant to N.C. Gen. Stat. § 20-279.21(b) (Cum. Supp. 1992), North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) answered plaintiffs' complaint as an unnamed defendant. Farm Bureau was the only insurance company involved in the matter, carrying the workers' compensation insurance policy for S.K. Bowling, a general limit liability policy for defendant Johnny Ray Starling, and the underinsured motorist insurance policy covering the truck in which plaintiff was riding.

After the plaintiffs filed their cause of action, the parties agreed to settle plaintiffs' claims for a total sum of $100,000.00. On behalf of defendant Johnny Ray Starling, Farm Bureau paid plaintiffs the limit of the $25,000.00 general liability policy, plus interest and costs. Pursuant to the underinsured motorist (UIM) provision contained in the business automobile policy of Samuel King Bowling, Farm Bureau was entitled to reduce the $100,000.00 underinsured motorist limit by the $25,000.00 already paid under the general liability policy. Additionally, Farm Bureau was to pay plaintiffs the sum of $69,763.44 in workers' compensation as part of the settlement agreement.

Defendant Farm Bureau contends the company is entitled to offset its UIM coverage amount of $100,000.00 by the amount of workers' compensation benefits paid to Mr. Brantley, in addition to the $25,000.00 paid on behalf of defendant Starling. Defendant's contention is based on a provision in S.K. Bowling's UIM policy limiting the coverage. The policy provision reads as follows:

2. Any amount payable under this coverage shall be reduced by:

    a. All sums paid or payable under any workers' compensation, disability benefits or similar law exclusive of non-occupational disability benefits.

In its written order filed 1 October 1991, the trial court made the following conclusions of law:

1. The vehicle in which Plantiff [sic] was riding at the time of this collision was titled in the name of Samuel K. Bowling.

2. The underinsured motorist coverage available pursuant to policy number BAP 2025063, issued by North Carolina Farm Bureau Mutual Insurance Company is available to Plaintiff pursuant to a policy issued in the name of Samuel K. Bowling as an individual.

3. The language of that policy does exclude the underinsured motorist coverage from any workers' compensation lien asserted as the result of workers' compensation benefits paid to Plaintiff through a policy issued to S.K. Bowling, Inc., Plaintiff's corporate employer.

4. The underinsured motorist carrier is not entitled to reduce the underinsured motorist coverage available to Plantiff [sic] by workers' compensation benefits paid to Plantiff [sic] by S.K. Bowling, Inc., the corporate employer.

The trial court thereupon ordered that Farm Bureau was not permitted to reduce the $75,000.00 in underinsured motorist coverage available to plaintiffs by the workers' compensation benefits paid to Mr. Brantley.

The present case is controlled by *Manning v. Fletcher*, 324 N.C. 513, 379 S.E.2d 854, *reh'g denied*, 325 N.C. 277, 384 S.E.2d 517 (1989). In *Manning*, Mr. Manning was injured in an automobile accident during the course and scope of his employment. He and his wife brought suit against defendant Fletcher. Mr. Fletcher had a liability insurance policy with State Farm Insurance Company (State Farm) in the amount of $25,000.00, and plaintiff's employer had a business automobile policy with defendant Farm Bureau which insured against liability in the amount of $100,000.00 per person. The business auto policy included UIM coverage in an amount of $100,000.00. The policy contained a limit of liability provision virtually identical to that which was operable in the case at bar. *See id.* at 515, 379 S.E.2d at 855. In addition, Farm Bureau provided plaintiff's employer with workers' compensation insurance on employees including plaintiff. Plaintiff received $59,000.00 in workers' compensation benefits from Farm Bureau.

The trial court in *Manning* refused to allow Farm Bureau to reduce its UIM obligation by the $59,000.00 that Farm Bureau paid to plaintiff in workers' compensation benefits. This Court agreed with the trial court in determining that a further reduction in the amount of UIM coverage, by deducting workers' compensation

benefits paid to the employee, was not sanctioned by any applicable statutory provision. *See Manning v. Fletcher*, 91 N.C. App. 393, 398, 371 S.E.2d 770, 773 (1988). Our Supreme Court reversed, holding that "N.C.G.S. § 20-279.21(e) permits an insurance carrier to reduce the underinsured motorist coverage liability in a business auto insurance policy by amounts paid to the insured as workers' compensation benefits." *Manning*, 324 N.C. at 518, 379 S.E.2d at 857. The Court based its decision on two basic public policies inherent in N.C. Gen. Stat. § 20-279.21(e).

> First, the section relieves the employer of the burden of paying double premiums (one to its workers' compensation carrier and one to its automobile liability policy carrier), and second, the section denies the windfall of a double recovery to the employee.

*Id.* at 517, 379 S.E.2d at 856. In the appeal after remand, *Manning v. Fletcher*, 102 N.C. App. 392, 402 S.E.2d 648 (1991), this Court established that the UIM coverage was entitled to be reduced by the net workers' compensation benefit. The net amount is determined by subtracting the amount paid by the primary liability carrier from the workers' compensation total. *Id.* at 399, 402 S.E.2d at 652.

Plaintiffs argue that the present case is distinguishable from *Manning* because the vehicle in which Mr. Brantley was riding at the time of the accident was a non-business vehicle. It is undisputed that the 1973 Ford flatbed truck at issue was titled in the individual name of Samuel K. Bowling, and not the corporate employer, S.K. Bowling. Despite the fact that the truck was titled in the name of Samuel K. Bowling individually, rather than S.K. Bowling, we find the evidence indicates that the truck was a business vehicle covered by the UIM policy. The record reflects that Mr. Bowling's welding business began as a sole proprietorship called S.K. Bowling Company, and was later incorporated into S.K. Bowling, Inc., with Mr. Bowling as the sole shareholder. The sole proprietorship originally procured the business auto policy for the Ford truck and three other trucks used in the business. After the company was incorporated, the business continued to pay premiums to Farm Bureau for the trucks' insurance, but did not change the vehicles' titles to the corporate name. Mr. Bowling's personal non-commercial vehicles were insured under a separate policy. Mr. Bowling testified that the truck had always been used for business

purposes and was leased to S.K. Bowling under a tacit lease agreement, in exchange for which the corporation paid the premiums, upkeep and maintenance.

We find that under these circumstances, the title of the vehicle is not dispositive of the question of whether the truck was a business vehicle. The evidence, rather, tends to show that the truck in question was used solely for the welding business before and after the incorporation, was insured specifically under business policy #BAP 2025063 with three other business vehicles, and was intended to be financed by Mr. Bowling's business. Consequently, we find that the 1973 Ford truck, in which plaintiff was riding at the time of the accident, was a business vehicle covered by the terms of the business auto policy with respect to UIM coverage.

For the reasons and policy considerations stated in *Manning*, we therefore find the trial court erred by not allowing Farm Bureau to reduce the amount of UIM coverage by the net workers' compensation benefit. The case is remanded for the trial court to reduce the UIM coverage by the net workers' compensation amount.

Reversed and remanded.

Judges EAGLES and WYNN concur.