JOHN P. BAILEY AND WIFE, JANIE ARLENE BAILEY, PLAINTIFFS v. NATIONWIDE MUTUAL INSURANCE COMPANY AND AETNA LIFE AND CASUALTY COMPANY, DEFENDANTS

No. 9212SC179

(Filed 21 September 1993)

1. Insurance § 514 (NCI4th) — uninsured motorist policy — no intrapolicy stacking pursuant to policy language

The uninsured motorist policy coverages on the three separate vehicles covered by plaintiffs' auto liability insurance policy with defendant could not be stacked intrapolicy to satisfy husband's and wife's damages, even though the Financial Responsibility Act does not prohibit stacking, since the language of defendant's policy was unambiguous and straightforward and clearly did not permit the intrapolicy stacking of its UM coverage.

Am Jur 2d, Automobile Insurance §§ 326, 329.

Combining or "stacking" uninsured motorist coverages provided in single policy applicable to different vehicles of individual insured. 23 ALR4th 12.

2. Insurance § 509 (NCI4th) — uninsured motorist policy proceeds — subrogation lien held by workers' compensation carrier

Defendant Aetna, the workers' compensation carrier for plaintiff who was injured in an automobile accident while driving a truck within the course and scope of his employment, had a subrogation lien on the uninsured motorist policy proceeds in the case. N.C.G.S. §§ 97-10.2(a), (f)(1), (g) and (h).

Am Jur 2d, Automobile Insurance §§ 293, 438.

3. Insurance § 509 (NCI4th) — uninsured motorist benefits — no reduction for workers' compensation benefits

Defendant Nationwide's liability to plaintiffs for uninsured motorist benefits could not be reduced by the amount of workers' compensation benefits paid to or for the benefit of plaintiff husband by Aetna, the workers' compensation carrier.

Am Jur 2d, Automobile Insurance §§ 293, 327, 328.

BAILEY v. NATIONWIDE MUTUAL INS. CO.

[112 N.C. App. 47 (1993)]

**Uninsured motorist coverage: validity and effect of policy provision purporting to reduce coverage by amount paid under worker's compensation law. 24 ALR3d 1369.**

4. **Insurance § 509 (NCI4th)— uninsured motorist policy—damages greater than policy—issue of judgment interest inapplicable**

Where plaintiffs' damages were established at an amount in excess of insurance which was available to plaintiffs under defendant Nationwide's UM policy, and plaintiffs were therefore entitled to Nationwide's total policy, the issue of judgment interest did not apply on the facts of the case.

**Am Jur 2d, Automobile Insurance §§ 298, 429.**

Appeal by plaintiffs-appellants and cross-notice of appeal by defendant-appellee from judgment entered 9 December 1991 by Judge E. Lynn Johnson in Cumberland County Superior Court. Heard in the Court of Appeals 2 February 1993.

*Charles E. Sweeny for plaintiffs-appellants/appellees John P. Bailey and Janie Arlene Bailey.*

*LeBoeuf, Lamb, Leiby & MacRae, by Peter M. Foley and Stephanie Hutchins Autry, for defendant-appellant/appellee Nationwide Mutual Insurance Company.*

*Anderson, Broadfoot, Johnson, Pittman & Lawrence, by Lee B. Johnson, for defendant-appellee Aetna.*

JOHNSON, Judge.

This case is a declaratory judgment action wherein the insurance companies involved seek to determine their obligations arising out of an accident occurring on 3 December 1987. On that date, plaintiff John P. Bailey was driving a 1986 Toyota truck within the course and scope of his employment and was involved in an accident with a 1985 Ford automobile being driven by Ronnie Guy Eaton. Plaintiffs filed suit against Eaton to recover damages for bodily damages sustained by John P. Bailey (husband) and loss of consortium suffered by Janie Arlene Bailey (wife) as a result of the accident.

Plaintiff husband was the named insured on a policy of personal automobile liability insurance issued by defendant Nationwide Mutual Insurance Company (Nationwide). The policy provided uninsured

motorist (UM) coverage, subject to limited exclusions with a limit of liability of $50,000.00 for bodily injury to one person. This policy was on three separate vehicles, one being the 1986 Toyota truck involved in the accident with Eaton. Plaintiff wife was a Class I insured and covered person under the policy provisions. Plaintiffs were married and living together at the address shown in the policy at the time of the accident.

Because plaintiff husband was injured during the course and scope of his employment with Southern Elevator Company, Aetna, the workers' compensation carrier for his employer, paid to or for the benefit of plaintiff husband benefits in the amount of $28,041.73. Thereafter, defendant Nationwide tendered an amount of $21,958.27 to plaintiff husband, reflecting the $50,000.00 limit of liability minus the workers' compensation benefits paid by Aetna.

The Eatons failed to appear and defend the suit filed by plaintiffs; therefore, Nationwide elected to defend the suit in the name of the Eatons, pursuant to North Carolina law. North Carolina General Statutes § 20-279.21(b)(3)(a) (1992). At trial, the jury rendered a verdict in favor of plaintiffs, awarding $96,400.00 to plaintiff husband and $20,000.00 to plaintiff wife. Further, the trial judge ordered that a declaratory judgment be scheduled to determine the distribution of the judgment among the parties involved.

After plaintiffs filed this declaratory judgment, all parties moved for summary judgment, and the court ruled as follows:

1. In respect to the issue of intra-policy [sic] stacking . . . Defendant, Nationwide Mutual Insurance Company's, Motion for Summary Judgment, on the issue of intra-policy [sic] stacking is allowed, and the Plaintiff's Motion for Summary Judgment is DENIED.

2. In respect to the issue of Janie Bailey's loss of consortium claim . . . the Defendant, Nationwide Mutual Insurance Company's, Motion for Summary Judgment on this issue is allowed, and the Plaintiff's Motion for Summary Judgment is DENIED.

3. The Defendant, Nationwide Mutual Insurance Company's Motion to Amend, in the Court's discretion, is DENIED.

4. In respect to the issue of reduction of the amount of uninsured Motions benefits by the amount of worker's compensation benefits paid to or for the benefit of John Bailey . . .

the Defendant, Nationwide Mutual Insurance Company, Motion Summary Judgment is DENIED and the Plaintiff's Motion for Summary Judgment is ALLOWED.

5. In view of the previous rulings and particularly with respect to the ruling affecting the loss of consortium claim, the Plaintiff's Motion for Summary Judgment for pre-judgment interest and post judgment interest as it relates to the judgment of John P. Bailey and as it relates to UM coverage is allowed. The Plaintiffs Motion for Summary Judgment for pre-judgment interest and post judgment interest as it relates to Janie Arlene Bailey judgment is DENIED.

6. [T]he Defendant, Aetna Casualty and Surety Company, is declared to have a lien on any proceeds to be paid by Nationwide Mutual Insurance Company to John P. Bailey . . . in the total sum of $28,041.73[.]

From this judgment, plaintiffs and defendant Nationwide appeal.

I.

Summary judgment is granted when the movant has established the nonexistence of any genuine issue of fact. This showing must be made in the light most favorable to the nonmoving party and such nonmoving party should be accorded all favorable inferences that may be deduced from the showing. *Moye v. Thrifty Gas Co., Inc.*, 40 N.C. App. 310, 252 S.E.2d 837, *disc. review denied*, 297 N.C. 611, 257 S.E.2d 219 (1979).

II.

[1] Plaintiffs contend that the UM policy coverages on the three separate vehicles covered by plaintiffs' auto liability insurance policy with defendant Nationwide should be stacked intrapolicy to satisfy plaintiffs' damages. We disagree.

We note initially that our statutes address UM coverage in the Motor Vehicle Safety and Financial Responsibility Act of 1953. North Carolina General Statutes § 20-279.21(b)(3) (1992) reads:

No policy of bodily injury liability insurance . . . shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto . . . for

**BAILEY v. NATIONWIDE MUTUAL INS. CO.**

[112 N.C. App. 47 (1993)]

> the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury . . . resulting therefrom; provided, an insured is entitled to secure additional coverage up to the limits of bodily injury liability in the owner's policy of liability insurance that he carries for the protection of third parties.

The purpose of UM coverage is to provide certain minimum financial protection to persons who are injured by financially irresponsible uninsured motorists. *Hamilton v. Travelers Indemnity Co.*, 77 N.C. App. 318, 335 S.E.2d 228 (1985), *disc. review denied*, 315 N.C. 587, 341 S.E.2d 25 (1986).

Our Supreme Court in *Lanning v. Allstate Insurance Co.*, 332 N.C. 309, 420 S.E.2d 180 (1992) compared North Carolina General Statutes § 20-279.21(b)(3), set out above, as to UM coverage, with North Carolina General Statutes § 20-279.21(b)(4), which addresses underinsured motorist (UIM) coverage. The Court recognized "that there are differences in the coverages, as evinced by the General Assembly's use of separate statutory provisions and separate language." *Id.*, at 313-14, 420 S.E.2d at 183. The Court noted that *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 382 S.E.2d 759, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989) held, based on North Carolina General Statutes § 20-279.21(b)(4), intrapolicy and interpolicy stacking was mandated for *underinsured* motorists' coverage. (Emphasis added.) However, the Court in *Sutton* went on to explain that "the General Assembly . . . has never included in subdivision (b)(3) language similar to that in subdivision (b)(4). Subdivision (b)(3) is in fact silent on the issue of stacking coverages." *Lanning*, 332 N.C. at 314, 382 S.E.2d at 183. Therefore, our Supreme Court held that the Financial Responsibility Act did not require intrapolicy stacking of UM coverages. *E.g., Requeno v. Integon General Ins. Corp.*, 332 N.C. 339, 421 S.E.2d 784 (1992); *Wheeler v. Welch*, 332 N.C. 342, 420 S.E.2d 186 (1992).

Although the Act does not require stacking of UM coverage, it does not prohibit it; therefore, an examination of Nationwide's policy must be made to see if the language in the policy permits stacking. The policy reads, in pertinent part:

> The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury

sustained by any one person in any one auto accident. Subject to this limit for "each person", the limit of bodily injury liability shown in the Declarations for "each accident" for Uninsured Motorist Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident. . . . This is the most we will pay for bodily injury . . . regardless of the number of:

1. Covered persons;

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

This language in Nationwide's policy is unambiguous and straightforward and it clearly does not permit the intrapolicy stacking of its UM coverage. Therefore, we find that the UM policy coverages on the three separate vehicles covered by plaintiffs' auto liability insurance policy with defendant Nationwide may not be stacked intrapolicy to satisfy husband and wife's damages.

[2] Plaintiffs next argue that defendant Aetna, the workers' compensation carrier for plaintiffs, should not have a subrogation lien on the UM policy proceeds. Aetna claims this subrogation lien based on North Carolina General Statutes § 97-10.2(a)-(h) (1991), and cites *Ohio Casualty Group v. Owens*, 99 N.C. App. 131, 392 S.E.2d 647, *disc. review denied*, 327 N.C. 484, 396 S.E.2d 614 (1990) as controlling. We agree with defendant Aetna.

Relevant provisions of North Carolina General Statutes § 97-10.2 provide:

[§ 97-10.2(a)] The right to compensation and other benefits under this Article for disability, disfigurement, or death shall not be affected by the fact that the injury . . . was caused under circumstances creating a liability in some person other than the employer to pay damages therefor, such person hereinafter being referred to as the "third party." The respective rights and interests of the employee-beneficiary under this Article, the employer, and the employer's insurance company, if any, in respect of the common-law cause of action against such third party and the damages recovered shall be as set forth in this section.

* * *

BAILEY v. NATIONWIDE MUTUAL INS. CO.

[112 N.C. App. 47 (1993)]

[§ 97-10.2(f)(1)] If the employer has filed a written admission of liability for benefits under this Chapter . . . then any amount obtained by any person by settlement with, judgment against, or otherwise from the third party by reason of such injury . . . shall be disbursed by order of the Industrial Commission . . . in the following order of priority:

a. First to the payment of actual court costs taxed by judgment and/or reasonable expenses incurred by the employee in the litigation of the third-party claim.

b. Second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment[.] . . .

c. Third to the reimbursement of the employer for all benefits by way of compensation or medical compensation paid or to be paid by the employer[.] . . .

d. Fourth to the payment of any amount remaining to the employee[.] . . .

* * *

[§ 97-10.2(g)] The insurance carrier affording coverage to the employer under this Chapter shall be subrogated to all rights and liabilities of the employer[.] . . .

* * *

[§ 97-10.2(h)] In any proceeding against or settlement with the third party, every party to the claim for compensation shall have a lien to the extent of his interest under (f) hereof upon any payment made by the third party by reason of such injury . . . whether paid in settlement, in satisfaction of judgment, as consideration for covenant not to sue, or otherwise and such lien may be enforced against any person receiving such funds. . . .

North Carolina General Statutes §§ 97-10.2(a), 97-10.2(f)(1), 97-10.2(g), 97-10.2(h) (1991).

*Ohio Casualty Group v. Owens* concerned a claim by a plaintiff employee who was injured in an automobile accident occurring while within the scope of her employment. The accident was caused by an UIM motorist, whose policy had a limit of $25,000.00. Plaintiff sought to recover UIM benefits under her own liability policy, which had a limit of $50,000.00. The workers' compensation carrier

had paid $20,392.70 thus far in benefits to or for plaintiff. Our Court held that the plaintiff was to recover a net total of $50,000.00, and that the workers' compensation carrier had a lien on these proceeds for the $20,392.70 already paid. Our Court said:

> The Legislature's intent with regard to N.C. Gen. Stat. § 20-279.21(b)(4) is plain when it is read in conjunction with the Workers' Compensation Act. N.C. Gen. Stat. § 97-10.2 provides for the subrogation of the workers' compensation insurance carrier . . . to the employer's right, upon reimbursement of the employee, to any payment, *including uninsured/underinsured motorist proceeds*, made to the employee by or on behalf of a third party as a result of the employee's injury.

*Ohio Casualty Group v. Owens*, 99 N.C. App. at 134, 392 S.E.2d at 649. (Emphasis added.) Just as our Court held that the workers' compensation carrier had a lien against the UM/UIM coverage purchased by the plaintiff in *Ohio Casualty Group v. Owens*, we find that defendant Aetna has a subrogation lien on the UM policy proceeds on the case herein.

### III.

[3] Defendant Nationwide argues that the trial court erred in determining that Nationwide's liability to plaintiffs for UM benefits may not be reduced by the amount of workers' compensation benefits paid to or for the benefit of plaintiff husband by Aetna. We disagree.

In *Sproles v. Greene*, 100 N.C. App. 96, 394 S.E.2d 691 (1990), *rev'd on other grounds*, 329 N.C. 603, 407 S.E.2d 497 (1991), our Court considered a case in which the plaintiffs were hurt in an automobile accident arising out of their employment and caused by a third party tortfeasor who had minimum bodily injury limits of insurance. The insurance company (USF&G) which held the UIM policy on the plaintiff driver's car attempted to have its liability reduced by monies paid to the plaintiff by her workers' compensation carrier. Our Court disallowed this, and said:

> In this case USF&G's policy is not a business policy, it is a "Personal Auto Policy"; the policy was not paid for by [plaintiff's] employer, she and her husband paid for it; the workers' compensation insurance was not provided by USF&G or an affiliate; and [plaintiff's] damages have been established at an amount far in excess of any kind of insurance that is available

> to her. . . . In this case USF&G was paid to insure [plaintiff] against being damaged by a financially irresponsible motorist and while her damages by such a motorist remain unpaid USF&G's obligation to her should not be reduced or eliminated because part of her loss has been paid by someone else.

*Sproles*, 100 N.C. App. at 106-07, 394 S.E.2d at 697-98. *See also Ohio Casualty Group v. Owens*, 99 N.C. App. 131, 392 S.E.2d 647. *Distinguish Manning v. Fletcher*, 102 N.C. App. 392, 402 S.E.2d 648 (1991) (where automobile insurer was also workers' compensation carrier.)

Likewise, in the case *sub judice*, Nationwide's liability to plaintiffs for UM benefits may not be reduced by the amount of workers' compensation benefits paid to or for the benefit of plaintiff husband by Aetna. Plaintiffs' damages have been established at an amount in excess of insurance that is available to plaintiffs under Nationwide's UM policy, and plaintiffs are entitled to all monies due under the policy.

Nationwide also argues that the trial court abused its discretion in denying Nationwide's motion to amend its answer to allege that interpretation of North Carolina General Statutes § 20-279.21(e) not to allow Nationwide a reduction for workers' compensation benefits is a denial of Nationwide's rights to equal protection and due process as guaranteed by the United States and North Carolina Constitutions. This ruling is discretionary with the trial court, and will be overturned on appeal only if there exists an abuse of discretion by the trial judge. *House of Raeford Farms v. Raeford*, 104 N.C. App. 280, 408 S.E.2d 885 (1991). We find that the discretionary ruling by the trial judge to deny this motion did not prejudice defendant in this matter.

[4] Finally, Nationwide argues the trial court erred in concluding that Nationwide was obligated to pay pre-judgment and post-judgment interest on the judgment in John Bailey's favor against Eaton.

Plaintiffs' insurance policy with Nationwide states, as to Part B, "Liability Coverage":

> We [Nationwide] will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these

damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

Further, there is a supplementary payments provision to Part B, "Liability Coverage", which reads:

SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of a covered person:

* * *

(3) Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

* * *

(6) Other reasonable expenses incurred at our request.

As to UM coverage, however, Part D of the Nationwide policy provides:

We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:

1. Bodily injuries sustained by a covered person and caused by an accident; and

2. Property damage caused by an accident.

We note that Part D of the Nationwide policy contains no supplementary payments provision.

However, Our Supreme Court in *Baxley v. Nationwide Mutual Ins. Co.*, 334 N.C. 1, 430 S.E.2d 895 (1993) held that when the insured is collecting under his own insurance company's "underinsured" policy, "the insured is *legally entitled to recover* the total amount of money that the judgment says she is entitled to recover from the tort-feasor. In this case, the judgment awarded the insured . . . compensatory damages and prejudgment interest[.] . . . [The insurance company] has promised to pay the insured all the 'damages' awarded to her, up to its policy limit." *Id.* at 7, 430 S.E.2d at 899 (*but see* Justice Meyer's dissent, noting that "[u]nder the plain

## BAILEY v. NATIONWIDE MUTUAL INS. CO.

[112 N.C. App. 47 (1993)]

language of the UIM coverage provisions, [the insurance company's] obligation is limited to paying damages *suffered by reason of bodily injury and property damage.* Interest cannot be said to arise from bodily injury or property damage." *Id.* at 15, 430 S.E.2d at 904.) Therefore, the insured may collect judgment and interest up to the limits of the policy.

However, we, in the case at hand, have already decided that plaintiffs' damages, having been established at an amount in excess of insurance that is available to plaintiffs under Nationwide's uninsured motorist policy, entitles plaintiffs to Nationwide's total policy. As such, this issue of judgment interest does not apply on the facts of this case.

## IV.

We affirm the trial court's decision granting summary judgment to defendant Nationwide and denying summary judgment to plaintiffs on the issue of intrapolicy stacking; we affirm the trial court's decision that defendant Aetna is declared to have a lien on proceeds paid by defendant Nationwide to plaintiffs; we affirm the trial court's decision granting summary judgment to plaintiffs and denying summary judgment to Nationwide on the issue of reduction of Nationwide's UM benefits by the amount of workers' compensation benefits paid to or for the benefit of plaintiffs; and we reverse the trial court's allowance of plaintiffs' motion for summary judgment on the issue of pre-judgment and post-judgment interest.

The decision of the trial court is affirmed in part, reversed in part, and remanded.

Judges GREENE and MARTIN concur.