PAUL BRANTLEY AND WIFE, TAMMY LYNN BRANTLEY v. JOHNNY RAY STARLING AND S. K. BOWLING, INC.

No. 359PA93

(Filed 17 June 1994)

1. **Insurance § 530 (NCI4th) — underinsured motorist coverage — reduction for workers' compensation**

    The trial court erred in an underinsured motorist case involving workers' compensation by not allowing the insurer to reduce the amount of UIM coverage by the workers' compensation benefits paid to plaintiff where the same insurer provided both coverages. The facts of this case fall squarely within *Manning v. Fletcher*, 324 N.C. 513. Although plaintiffs argue that *Manning* does not control because the truck involved was not a business vehicle, application of *Manning* does not turn on a factual finding that the vehicle involved was a "business vehicle." *Manning* addresses the situation where an employer has insurance coverage for its employees both under a workers' compensation policy and under a business auto policy. N.C.G.S. § 20-279.21(e).

    **Am Jur 2d, Automobile Insurance § 322.**

BRANTLEY v. STARLING

[336 N.C. 567 (1994)]

Uninsured motorist coverage; validity and effect of policy provision purporting to reduce coverage by amount paid under workmen's compensation law. 24 ALR3d 1369.

2. Insurance § 530 (NCI4th) — underinsured motorist coverage — workers' compensation — exclusionary clause

A provision in an underinsured motorist policy stating that the policy did not apply to the direct or indirect benefit of any insurer under any workers' compensation law did not preclude a reduction in UIM coverage by the amount of workers' compensation benefits paid to plaintiff where the UIM coverage in the policy was not applied to the benefit of the insurer under any workers' compensation law. This situation is exactly what is provided for by statute in N.C.G.S. § 20-279.21(e) and in another section of the policy. Read together, the two policy provisions express the determination that recovery of workers' compensation benefits will not be affected by UIM coverage, but that recovery of UIM benefits will be affected by workers' compensation benefits

Am Jur 2d, Automobile Insurance § 322.

Uninsured motorist coverage; validity and effect of policy provision purporting to reduce coverage by amount paid under workmen's compensation law. 24 ALR3d 1369.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 111 N.C. App. 669, 433 S.E.2d 1 (1993), reversing and remanding a judgment entered by Hobgood, J., in the Superior Court, Wilson County, on 1 October 1991. Heard in the Supreme Court 17 March 1994.

*Michael R. Birzon for plaintiff-appellants.*

*Broughton, Wilkins, Webb & Jernigan, by Charles P. Wilkins, for unnamed defendant-appellee N.C. Farm Bureau Insurance Company.*

FRYE, Justice.

This appeal presents the question whether an underinsured motorist coverage carrier under a business automobile policy is entitled to reduce its coverage by the amount of workers' compensation benefits which the same insurer paid to an injured worker. For reasons different from those stated by the Court of

**BRANTLEY v. STARLING**

[336 N.C. 567 (1994)]

Appeals, we conclude that underinsured motorist coverage may be reduced by workers' compensation benefits and we therefore affirm the Court of Appeals' decision.

On 5 October 1989, plaintiff Paul Brantley, an employee of S.K. Bowling, Inc., was injured when the truck in which he was riding was struck by a car driven by defendant, Johnny Ray Starling. The truck in which Mr. Brantley was riding was titled individually in the name of Samuel King Bowling and was one of four trucks listed in a business automobile insurance policy issued to Mr. Bowling. On 20 March 1991, plaintiffs brought this action to recover damages for the injuries Mr. Brantley sustained from the accident and for loss of consortium. Plaintiffs amended their complaint to include a claim for workers' compensation and a prayer for a declaratory judgment with respect to the construction of certain provisions contained in Mr. Bowling's business automobile policy.

Pursuant to N.C.G.S. § 20-279.21(b)(4), North Carolina Farm Bureau Mutual Insurance Company [hereinafter Farm Bureau] answered plaintiffs' complaint as an unnamed defendant. Farm Bureau was the only insurance company involved in this matter, providing the workers' compensation insurance policy for S.K. Bowling, Inc., a general liability policy for defendant Johnny Ray Starling, and the underinsured motorist (UIM) coverage in the business automobile policy covering the truck in which plaintiff was riding.

After plaintiffs filed this action, defendants agreed to pay the limits of the coverage provided by the various policies, a sum of $100,000. On behalf of defendant Johnny Ray Starling, Farm Bureau paid plaintiffs the limit of the $25,000 general liability policy, plus interest and costs. Pursuant to the UIM provision contained in the business automobile policy of Samuel K. Bowling, Farm Bureau was entitled to reduce the $100,000 underinsured motorist limit by the $25,000 paid under the general liability policy. Additionally, Farm Bureau paid plaintiffs $69,763.44 in workers' compensation benefits.

Farm Bureau contended that it was entitled to offset its UIM coverage amount of $100,000 by the amount of workers' compensation benefits paid to Mr. Brantley, in addition to the $25,000 paid on behalf of defendant Starling. Farm Bureau relied on a provision in the business automobile policy reducing the amount payable under UIM coverage by amounts payable under workers' compensa-

tion. Plaintiffs opposed such a reduction, relying on a different provision in the UIM policy which stated that the UIM coverage would not apply to the direct or indirect benefit of a workers' compensation insurer. The trial court made the following findings and conclusions, labeled "Conclusions of Law":

1. The vehicle in which Plaintiff was riding at the time of this collision was titled in the name of Samuel K. Bowling.

2. The underinsured motorist coverage available pursuant to policy number BAP 2025063, issued by North Carolina Farm Bureau Mutual Insurance Company is available to Plaintiff pursuant to a policy issued in the name of Samuel K. Bowling as an individual.

3. The language of that policy does exclude the underinsured motorist coverage from any workers' compensation lien asserted as the result of workers' compensation benefits paid to Plaintiff through a policy issued to S.K. Bowling, Inc., Plaintiff's corporate employer.

4. The underinsured motorist carrier is not entitled to reduce the underinsured motorist coverage available to Plaintiff by workers' compensation benefits paid to Plaintiff by S.K. Bowling, Inc., the corporate employer.

The trial court ordered that Farm Bureau was not permitted to reduce the $75,000 in UIM coverage available to plaintiffs by the workers' compensation benefits paid to Mr. Brantley. The Court of Appeals reversed, stating that this case was controlled by *Manning v. Fletcher*, 324 N.C. 513, 379 S.E.2d 854, *reh'g denied*, 325 N.C. 277, 384 S.E.2d 517 (1989).

[1] Plaintiffs argue that *Manning* does not control because the truck involved in this accident was not a "business vehicle." We conclude that, under a proper application of *Manning*, whether defendant's truck is a business vehicle is not determinative.

In *Manning*, plaintiff was injured in an automobile accident during the course and scope of his employment. He and his wife brought suit against defendant Fletcher. Fletcher had liability insurance with State Farm Insurance Company in the amount of $25,000, and plaintiff's employer had a business auto policy with Farm Bureau which insured against liability in the amount of $100,000 per person. The business auto policy also included UIM coverage

**BRANTLEY v. STARLING**

[336 N.C. 567 (1994)]

in an amount of $100,000. The policy contained a limit of liability provision virtually identical to that which is involved in the present case. In addition, Farm Bureau provided plaintiff's employer with workers' compensation insurance covering its employees, including plaintiff. Plaintiff received $59,000 in workers' compensation benefits from Farm Bureau.

This Court examined the statutory basis for the limitation of liability provision, which is found in N.C.G.S. § 20-279.21(e):

Such motor vehicle liability policy need not insure against loss from any liability for which benefits are in whole or in part either payable or required to be provided under any workmen's compensation law nor any liability for damage to property owned by, rented to, in charge of or transported by the insured.

N.C.G.S. § 20-279.21(e) (1993). We held that "N.C.G.S. § 20-279.21(e) permits an insurance carrier to reduce the underinsured motorist coverage liability in a business auto insurance policy by amounts paid to the insured as workers' compensation benefits." *Manning*, 324 N.C. at 518, 379 S.E.2d at 857.

Application of *Manning* does not, as plaintiffs contend, turn on a factual finding that the vehicle involved was a "business vehicle." *Manning* addresses the situation where an employer has insurance coverage for its employees both under a worker's compensation policy and under a business automobile policy. Under *Manning*, the insurance carrier is permitted to limit its liability under multiple policies issued to an employer by reducing UIM benefits payable under the business automobile policy to an injured employee by the amount of workers' compensation benefits paid to the employee. In the instant case, the defendant-employer obtained two such policies providing coverage for his employees, including plaintiff.

Plaintiffs base their argument on the following facts: that the truck involved in the collision is titled in the name of Samuel King Bowling, individually; the corporation does not own the truck; and the named insured in the policy covering the truck is Samuel K. Bowling, not the corporate employer. The trial court found that "[t]he 1973 Ford truck in which Plaintiff was riding at the time of this collision was titled in the name of Samuel K. Bowling and further, the corporate employer, S.K. Bowling, Inc., had no owner-

ship interest in the same." Applicability of *Manning* does not turn on title or ownership of the vehicle, but on the inclusion of the vehicle in a business automobile insurance policy for an employer who also provides workers' compensation coverage for its employees. The trial court also included in its findings that the business automobile policy was issued to Samuel K. Bowling, individually, but made no findings regarding the source of payment of the premiums for the policy. However, there was uncontroverted evidence, from the deposition testimony of Mr. Bowling, that S.K. Bowling, Inc. paid the premiums for the business automobile policy. It is uncontested that S.K. Bowling, Inc., paid the premiums for the workers' compensation policy. This is therefore a case in which the employer provided both UIM coverage and workers' compensation coverage for its employees. The facts of this case accordingly fall squarely within the scope of the specific problem addressed by *Manning*.

Inherent in plaintiffs' argument is the notion that, in order to have amounts payable under UIM coverage reduced by amounts paid under workers' compensation coverage, section 20-279.21(e) and the policy provision require that the same entity provide both coverages. Neither the language of the statute nor the policy provision includes such a requirement. Without reference to the source of the coverages, the statute states that a motor vehicle liability policy need not insure against loss covered by workers' compensation. N.C.G.S. § 20-279.21(e). In like fashion, the policy provision at issue here states that amounts payable under UIM coverage are to be reduced by sums paid or payable under workers' compensation.

We noted in *Manning* that the statute addresses the situation where an injured party would otherwise recover both workers' compensation and UIM benefits for the same injury. *Manning*, 324 N.C. at 516, 379 S.E.2d at 856. In such a situation the statute allows a reduction in payments under the UIM coverage commensurate with workers' compensation payments. *Id.* at 517, 379 S.E.2d at 856. This Court's interpretation of section 20-279.21(e) in *Manning* did not include nor rely upon a requirement that the same entities provide both the UIM and the workers' compensation coverage. Under the particular facts of *Manning*, the two coverages were provided by the same entity — the employer — and thus the decision in *Manning* was supported by the public policy of relieving the employer of the burden of paying double premiums. We con-

cluded, however, that "[w]hatever the cost of [the coverage], we can perceive no conflict between the limit of liability provision in Farm Bureau's liability policy with plaintiff's employer and N.C.G.S. § 20-279.21(e)." *Id.* at 518, 379 S.E.2d at 857. Thus, a limit of liability provision such as that addressed in *Manning* and in the present case, is allowed by statute and does not require that the same entity provide both the UIM and the workers' compensation coverage.

[2] The present case presents an additional issue, not addressed by the Court of Appeals, involving interpretation of policy language in two arguably conflicting provisions. The business automobile policy involved here provides:

C. EXCLUSIONS

This coverage does not apply to:

. . .

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

The policy also provides:

D. LIMIT OF INSURANCE

2. Any amount payable under this coverage shall be reduced by:

a. All sums paid or payable under any workers' compensation, disability benefits or similar law exclusive of non-occupational disability benefits.

Plaintiffs argue that Section C.2. of the policy should be construed against the insurer and that "there is no question that the reduction of UIM coverage by the amount of workers' compensation paid [plaintiff] in the present case would benefit Farm Bureau, which is both the UIM carrier in this matter and the workers' compensation carrier." Plaintiffs therefore contend that the trial court was correct in concluding that Farm Bureau was not entitled to reduce the UIM coverage by workers' compensation benefits paid to plaintiff. We find that a proper interpretation of the policy as a whole yields a different result.

First, the UIM coverage in this business automobile policy has not been applied to the benefit of Farm Bureau as an "insurer or self-insurer under any workers' compensation, disability benefits

BRANTLEY v. STARLING

[336 N.C. 567 (1994)]

or similar law." As the workers' compensation insurer, Farm Bureau has paid the full workers' compensation benefits. The argument that Farm Bureau has benefitted rests on the fact that Farm Bureau is both the workers' compensation insurer and the insurer for the policy providing the UIM coverage. However, this situation is exactly what is provided for by statute in N.C.G.S. § 20-279.21(e), and in turn by section D.2. of this policy. As we stated in *Manning*, the statute was meant to include "the situation in which the injured party, as an insured under the uninsured coverage of a liability policy, might otherwise receive workers' compensation benefits as well as uninsured coverage payments for the same injury." *Manning*, 324 N.C. at 516-517, 379 S.E.2d at 856.

Further, consideration of the policy as a whole indicates that plaintiffs' interpretation of this provision is not what was intended. Under plaintiffs' argument, Sections C.2. and D.2.a. would be mutually exclusive provisions. Read together, these provisions address first, the fact that the existence of benefits under this UIM coverage are not to effect an employee's right to compensation under the Workers' Compensation Act, and secondly, that after an employee has received workers' compensation benefits to which he is entitled, that sum will be deducted from the UIM coverage. The two provisions express the determination that recovery of workers' compensation benefits will not be affected by UIM coverage, but that recovery of UIM benefits will be affected by workers' compensation benefits.

These two provisions are analogous to provisions of the Workers' Compensation Act addressing liability of third parties. Section 97-10.2 provides that the right to workers' compensation benefits "shall not be affected by the fact that the injury or death was caused under circumstances creating a liability in some person other than the employer." N.C.G.S. § 97-10.2 (1991). Section 97-10.2(e) provides that those benefits may be deducted from any amount of damages the employee obtains from a third party. N.C.G.S. § 97-10.2(e) (1991).

We thus conclude that provision C.2. in this policy does not preclude a reduction in UIM coverage by the amount of workers' compensation benefits paid to plaintiff. Inasmuch as we have also found that the facts of this case fall within the scope of our decision in *Manning*, we also conclude that the trial court erred by not allowing Farm Bureau to reduce the amount of UIM coverage by the workers' compensation benefits paid to plaintiff. For the reasons stated herein, different from those stated by the Court of Appeals,

the decision of the Court of Appeals reversing and remanding the order of the trial court is affirmed.

AFFIRMED.