DOUGLAS H. McMILLIAN and MARGARET S. McMILLIAN v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, and ALLSTATE INSURANCE COMPANY

No. 104PA97

(Filed 6 February 1998)

**Insurance § 509 (NCI4th)— UM coverage—reduction by workers' compensation benefits**

The Court of Appeals incorrectly reversed the trial court in a declaratory judgment action to determine coverage under insurance policies where plaintiff Douglas McMillian was a passenger

McMILLIAN v. N.C. FARM BUREAU MUT. INS. CO.

[347 N.C. 560 (1998)]

in a car owned and operated by a fellow employee; both were acting in the course and scope of their employment; a car driven by an uninsured motorist collided with the car and injured plaintiff; plaintiff applied for and received workers' compensation benefits and brought personal injury actions against the driver of the car in which he was riding and the uninsured driver of the other car; defendants provide UM insurance to plaintiffs and UIM coverage to the driver of the other car; the workers' compensation policy was paid for by his employer and the UM policies were paid for by persons other than his employer; the automobile policies contained limitations requiring that any amount payable be reduced by sums paid or payable under workers' compensation law; plaintiffs instituted this action to determine coverage; and the trial court concluded that the combined coverages of the automobile policies should be reduced by the workers' compensation benefits already paid, which exceeded the coverages, so that coverage was not provided. Although earlier cases held that the UM carrier was not allowed to reduce its coverage when the employee/ plaintiff purchased the UM policy herself or when the purchaser of the UM/UIM coverage was not the same entity that purchased the workers' compensation coverage, nothing in N.C.G.S. § 20-279.21(e) suggests that the legislature intended for the reduction to apply only if the automobile policy was bought by the same entity that purchased the workers' compensation coverage or that the reduction be applicable only to business policies and not to personal policies. Defendant UM carriers are entitled to reduce coverage by the amount of workers' compensation benefits received by plaintiff. To the extent that *Ohio Casualty Group v. Owens*, 99 N.C. App. 131, and its progeny are inconsistent with this holding, they are overruled.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 125 N.C. App. 247, 480 S.E.2d 437 (1997), reversing declaratory judgment in favor of defendants by Greeson, J., at the 30 October 1995 Civil Session of Superior Court, Rockingham County. Heard in the Supreme Court 11 September 1997.

*Robert S. Hodgman and Associates, by Robert S. Hodgman and Todd P. Oxner, for plaintiff-appellees.*

*Henson & Henson, L.L.P., by Perry C. Henson, Jr., and Rachel Scott Decker, for defendant-appellant N.C. Farm Bureau Mutual Ins. Co.*

*Smith Helms Mulliss & Moore, L.L.P., by Stephen P. Millikin, for defendant-appellant Allstate Ins. Co.*

*Morgan & Reeves, by Robert B. Morgan, and Robert R. Gardner on behalf of Nationwide Mutual Ins. Co., amicus curiae.*

*Baker & Jones, P.A., by H. Mitchell Baker, III, on behalf of North Carolina Academy of Trial Lawyers, amicus curiae.*

PARKER, Justice.

The issue in this case is whether defendant insurance companies are authorized under N.C.G.S. § 20-279.21(e) to reduce uninsured motorist ("UM") coverage under their respective policies by the amount plaintiff Douglas McMillian has received for his injuries from workers' compensation. We hold that the reduction is authorized by the statute.

On 2 April 1990 plaintiff Douglas H. McMillian was a passenger in a car owned and operated by James L. Boswell, a fellow employee at Winn-Dixie, while both were acting within the course and scope of their employment. Another car, driven by uninsured motorist Emanuel Canty, Jr., collided with Boswell's car, injuring McMillian. McMillian applied for and received workers' compensation benefits, which as of 9 June 1993 totaled in excess of $78,000. McMillian brought a personal injury action against both Boswell and Canty. Margaret S. McMillian, plaintiff's wife, joined in this action to assert her claim for loss of consortium. The action as to Boswell was dismissed since Boswell was immune from liability for ordinary negligence by a fellow employee. The action against Canty was still pending at the time the parties filed briefs in this Court.

At the time of the accident, defendant Allstate Insurance Company ("Allstate") provided UM insurance coverage to plaintiffs for bodily injury and property damage in the amount of $25,000. Defendant North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau") provided UM and underinsured motorist ("UIM") insurance coverage to Boswell for bodily injuries in the amount of $50,000. Both policies contained the following limit of liability provision: "Any amount otherwise payable for damages under this coverage shall be reduced by all sums . . . [p]aid or payable because of the bodily injury under any of the following or similar law[s] . . . workers' compensation law."

## McMILLIAN v. N.C. FARM BUREAU MUT. INS. CO.

[347 N.C. 560 (1998)]

Plaintiffs instituted this declaratory judgment action to determine the coverage available under both their own automobile policy and the policy issued to Boswell. The action was heard on stipulated facts and exhibits. On 25 January 1996 the trial court entered a judgment concluding that plaintiffs were entitled to pursue claims for UM insurance under both the Allstate and the Farm Bureau policies but that the combined coverages of $75,000 were to be reduced by the $78,000 in workers' compensation benefits already paid to Mr. McMillian. Hence neither policy provided coverage to plaintiffs for the damages asserted.

On appeal the Court of Appeals reversed the trial court, holding that N.C.G.S. § 20-279.21(e) did not authorize the UM coverage to be reduced by the amount of workers' compensation benefits paid and that plaintiffs were entitled to recover the UM policy limits from Allstate and Farm Bureau. *McMillian v. N.C. Farm Bureau Mut. Ins. Co.*, 125 N.C. App. 247, 254, 480 S.E.2d 437, 441 (1997). In reaching this decision, the Court of Appeals distinguished *Brantley v. Starling*, 336 N.C. 567, 444 S.E.2d 170 (1994), on the basis that *Brantley* involved a business UM policy paid for by the employer and issued by the same carrier which carried the workers' compensation coverage; whereas, the policies in the present case were personal policies paid for by plaintiffs and Boswell individually and issued by carriers different from the workers' compensation carrier. *Id.* We find no support for such distinctions in N.C.G.S. § 20-279.21(e) and reverse the decision below.

Article 9A of chapter 20 of the General Statutes, the Motor Vehicle Safety and Financial Responsibility Act ("Act"), represents a comprehensive legislative scheme requiring automobile operators to be financially responsible thereby protecting people injured by negligent operators. The Act specifically recognizes the interplay between workers' compensation and third party liability and provides:

> Such motor vehicle liability policy need not insure against loss from any liability for which benefits are in whole or in part either payable or required to be provided under any workers' compensation law nor any liability for damage to property owned by, rented to, in charge of or transported by the insured.

N.C.G.S. § 20-279.21(e) (1993).

This Court initially addressed the reduction allowed under N.C.G.S. § 20-279.21(e) in *Manning v. Fletcher*, 324 N.C. 513, 379

S.E.2d 854 (1989), where the plaintiff, who was injured in an automobile accident while acting in the course and scope of his employment, was covered under both a workers' compensation policy purchased by the employer and by a UM/UIM policy also paid for by the employer. This Court held that N.C.G.S. § 20-279.21(e) authorized the UIM carrier to reduce its coverage by the amount paid to the insured as workers' compensation benefits. *Id.* at 518, 379 S.E.2d at 857. In reaching this conclusion, we stated: "By reason of its location in the statute and its reference to a 'motor vehicle liability policy,' we deduce a legislative intent that the exclusion permitted by subsection (e) be applicable to all subsections of N.C.G.S. § 20-279.21(b), including the uninsured and underinsured coverages defined therein." *Id.* at 517, 379 S.E.2d at 856.

Thereafter, the Court of Appeals decided *Ohio Casualty Group v. Owens*, 99 N.C. App. 131, 392 S.E.2d 647, *disc. rev. denied*, 327 N.C. 484, 396 S.E.2d 614 (1990), in which the insured who was injured within the course and scope of her employment was, like the plaintiff in *Manning*, covered by both workers' compensation and a UM policy. However, the UM policy in *Ohio Casualty* was purchased by the employee individually rather than by the employer. The Court of Appeals distinguished *Manning* on that ground and concluded that N.C.G.S. § 20-279.21(e) is directed only at business automobile liability policies secured for the benefit of employees by employers who also provide workers' compensation coverage. *Id.* at 136-37, 392 S.E.2d at 651. Thus, the Court of Appeals held that N.C.G.S. § 20-279.21(e) did not allow the UM carrier to reduce its coverage when the employee/plaintiff purchased the UM policy herself. *Id.*

Subsequent to *Ohio Casualty* the Court of Appeals when presented with cases factually similar to *Ohio Casualty* applied the same analysis, disallowing the reductions to the UM/UIM carrier on the basis that the purchaser of the UM/UIM coverage was not the same entity that purchased the workers' compensation coverage. *Hieb v. St. Paul Fire & Marine Ins. Co.*, 112 N.C. App. 502, 435 S.E.2d 826 (1993); *Bailey v. Nationwide Mut. Ins. Co.*, 112 N.C. App. 47, 434 S.E.2d 625 (1993); *Bowser v. Williams*, 108 N.C. App. 8, 422 S.E.2d 355 (1992); *Sproles v. Greene*, 100 N.C. App. 96, 394 S.E.2d 691 (1990), *aff'd in part, rev'd in part on other grounds*, 329 N.C. 603, 407 S.E.2d 497 (1991).

In *Brantley*, 336 N.C. 567, 444 S.E.2d 170, the premiums for the workers' compensation coverage were paid by the corporate

employer, S.K. Bowling, Inc., but the UIM policy in question was issued to the employer S.K. Bowling individually. The plaintiffs in *Brantley* argued that in *Manning* the reduction was allowed because the employer had provided both workers' compensation and UIM coverage. Accordingly, the plaintiffs contended, for the defendants to have the benefit of the reduction permitted for workers' compensation payment by N.C.G.S. § 20-279.21(e), defendants had to establish that the same entity provided both coverages. *Id.* at 572, 444 S.E.2d at 172. We rejected that argument in *Brantley*, and we reject it now.

Nothing in N.C.G.S. § 20-279.21(e) suggests that the legislature intended that a reduction applies only if the automobile policy was bought by the same entity that purchased the workers' compensation coverage and that the reduction does not apply if the automobile policy was bought by someone else. Likewise, nothing in N.C.G.S. § 20-279.21(e) suggests that the legislature intended that a reduction be applicable only to "business" automobile policies and not to "personal" automobile policies. As we said in *Brantley*,

> [n]either the language of the statute nor the policy provision includes such a requirement [that the same entity provide both UM/UIM coverage and workers' compensation coverage]. Without reference to the source of the coverages, the statute states that a motor vehicle liability policy need not insure against loss covered by workers' compensation.

*Id.*

In this case Mr. McMillian is covered by both a workers' compensation policy paid for by his employer and by UM policies paid for by persons other than his employer. We hold that under the clear wording of N.C.G.S. § 20-279.21(e), the limit of liability provision in defendants' policies at issue in this action is authorized and defendant UM carriers are entitled to reduce coverage to Mr. McMillian by the amount of workers' compensation he has already received. We thus reverse the decision below. Further, to the extent that *Ohio Casualty* and its progeny are inconsistent with our holding herein, they are hereby overruled.

Having determined that no UM coverage is available under the policies to satisfy the damages asserted by Mr. McMillian, we note that similarly neither policy provides coverage to Mrs. McMillian for her derivative loss of consortium claim.

For the reasons stated herein, the decision of the Court of Appeals is reversed.

REVERSED.