The issue on appeal is whether or not defendant Nationwide has a Workers' Compensation lien against funds due to plaintiff from an underinsured motorist policy purchased by deceased employee's spouse by reason of plaintiff's decedent's death under compensable circumstances.
Upon review of all of the competent evidence of record with reference to the errors assigned, the Full Commission hereby REVERSES the Opinion and Award of the Deputy Commissioner and makes the following
FINDINGS OF FACT
1. The parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. At all pertinent times, the employment relationship existed between the plaintiff, Jimmy Gray Creed (hereinafter "plaintiff-decedent") and defendant-employer.
3. This matter arises out of the death of plaintiff-decedent on November 17, 1990, as a result of injuries sustained in a compensable accident on November 13, 1990. Such accident occurred as a result of the negligence of Carol Mimms (hereinafter "tortfeasor") when she lost control of the vehicle she was driving and struck plaintiff-decedent, who was working on the highway installing pipes for defendant-employer.
4. Defendant-compensation carrier Nationwide Mutual Insurance Company (hereinafter "Nationwide") admitted liability for the accident and entered into a form 21 agreement pursuant to which temporarily total disability benefits in the amount of $165.12 were paid for the three day period of plaintiff-decedent's total disability before his death. Thereafter, on January 18, 1991, Gladys P. Creed (hereinafter "plaintiff-widow") and defendant entered into a form 30 agreement for compensation for death benefits, which was subsequently approved by Order of the Industrial Commission dated February 21, 1991. Pursuant to the Agreement and Order for compensation for death benefits, payments at the weekly rate of $385.29 are being made to plaintiff-widow commencing as of November 17, 1990. The total amount of benefits to which plaintiff-widow has a vested right for 400 weeks is $154,116.00. In addition, plaintiff-widow has asserted that she is entitled to lifetime disability compensation at the expiration of the 400 weeks of death benefits, a matter which is not the subject of this proceeding. In addition to the above, Nationwide has paid $38,064.05 for the medical treatment of plaintiff-decedent before his death. Nationwide has also paid $2,000.00 in funeral benefits.
5. As administratrix for the estate of plaintiff-decedent, plaintiff-widow has filed a Civil Action against the tortfeasor for the recovery of damages arising out of the November 13, 1990 accident. The tortfeasor is in bankruptcy with no assets available for recovery for damages arising out of the November 13, 1990 accident. North Carolina Farm Bureau Mutual Insurance Company (hereinafter "Farm Bureau") provides $50,000.00 in liability coverage for the tortfeasor. Additionally, plaintiff-decedent was a person insured under an insurance policy issued to plaintiff-widow by First of Georgia Insurance Company, said insurance policy providing underinsured motorist coverage in the amount of $100,000.00.
6. Farm Bureau has tendered the limits of its coverage in the amount of $50,000.00 on the claim arising out of the November 13, 1990 accident. The parties have stipulated and agreed that Nationwide has a workers' compensation lien against the $50,000.00 payable by Farm Bureau, and that the Industrial Commission shall distribute those proceeds as provided by N.C.G.S. § 97-10.2(f).
7. First Georgia Insurance Company has also expressed it willingness to tender its limits of underinsured motorist coverage, minus the amount to be paid by Farm Bureau, with the amount payable by First Georgia Insurance Company being $50,000.00.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSION OF LAW
1. A recovery from the employee's uninsured/underinsured carrier is included in the statutory reference to "any amount obtained by . . . settlement with . . . the third party" in N.C.G.S. §97-10.2(f)(1). "N.C.G.S. § 97-10.2 provides for the subrogation of the workers' compensation insurance carrier . . . to the employer's right, upon reimbursement of the employee, to any payment, including uninsured/underinsured motorist proceeds, made to the employee by or on behalf of a third-party as the result of the employee's injury." Ohio Casualty Group v. Owens, 99 N.C. App. 131,134, 392 S.E.2d 647, disc. rev. den., 327 N.C. 484,396 S.E.2d 614 (1990); Bailey v. Nationwide Mutual Ins., 112 N.C. App. 47,54, 434 S.E.2d 625 (1993). Brooks v. Wisco Diversified,
I.C. No. 526090, 8 May 1988.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. The $50,000.00 in underinsured motorist coverage benefits provided by First of Georgia Insurance Company, less plaintiff's counsel fees and litigation expenses for the third party claim, shall be paid over to defendant Nationwide.
2. This matter shall be placed on the hearing docket for determination of the issue, not addresses herein, of whether the decedent employee's widow was disabled at the time of his death and entitled to benefits beyond the initial 400 weeks.
3. Each party shall bear its own costs on this appeal.
 S/ _____________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ______________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ ______________________ COY M. VANCE DEPUTY COMMISSIONER
JRW/rch